**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stewart Shaver and Maria Shaver, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Arizona Fire & Water Restoration, Inc.,<br><br>Defendant. | No. CV 11-01815-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 16). The motion will be denied for the reasons stated below.

**I.    BACKGROUND**

Plaintiff Shaver worked for Defendant Arizona Fire & Water Restoration as a "project manager." Plaintiff's job was to provide written estimates to potential customers (*i.e.*, those needing restoration work after suffering fire damage, water damage, and so forth), and if hired, to oversee the entire restoration project. Plaintiff was terminated by Defendant on March 22, 2011. Based on the compensation plan governing his employment, which he describes in significant detail in the complaint, Plaintiff believes that defendant wrongfully withheld various wages owed to him before and after his termination, including for overtime services. Plaintiff has alleged causes of action for unpaid wages, violation of the Fair Labor Standards Act, breach of contract, and breach of good faith and fair dealing.

## II. LEGAL STANDARD

"Rules 12(b)(6) and 12(c) are substantially identical." *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005). Rule 12(c) motions for judgment on the pleadings are therefore reviewed under the standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). In ruling on a Rule 12(c) motion, the Court must "determine whether the facts alleged in the complaint, to be taken for [the purposes of a Rule 12(c) motion] as true, entitle the plaintiff to a legal remedy." *Strigliabotti*, 398 F. Supp. 2d at 1097. "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Id*. A Rule 12(c) motion is thus properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009). As with a motion to dismiss, the analysis is generally limited to the facts as stated in the complaint, but the "court may [also] consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the . . . motion." *Marder v. Lopez*. 450 F.3d 445, 448 (9th Cir. 2006).

## III. ANALYSIS

### A. Fair Labor Standards Act Claim

Defendant argues that Plaintiff's overtime claim under the Fair Labor Standards Act fails because plaintiff is an "outside salesperson," or an "administrative employee," or a combination of the two — all of which are exempt from overtime requirements. Defendant attempts to establish this contention partially through certain allegations in the complaint, but largely through Plaintiff's written job description. Plaintiff has not contested the authenticity of this job description, and he relied on it in his complaint, so it may be considered at the motion to dismiss phase even though technically outside the pleadings.

However, the Court's ability to consider it does not mean it must be taken as true. Plaintiff relies on the job description almost entirely for its account of the compensation structure. To that extent, its accuracy is effectively undisputed. But Defendant relies on it for significantly more, teasing from it Plaintiff's supposed primary activities, even though the job description may not necessarily match what Plaintiff actually did.

Perhaps for this reason, decisions discussing the outside salesperson and administrative employee exemptions — including every decision Defendant cites — nearly always result from a summary judgment motion after discovery into the duties the plaintiff in fact performed for his or her employer. *See*, *e.g.*, *Velazquez-Fernandez v. NCE Foods, Inc.*, 476 F.3d 6, 8 (1st Cir. 2007); *Schmidt v. Eagle Waste & Recycling, Inc.*, 598 F. Supp. 2d 928, 931 (W.D. Wis. 2009); *Christopher v. SmithKlein Beecham Corp.*, No. CV-08-1498-PHX-FJM, 2009 WL 4051075 (D. Ariz. Nov. 20, 2009); *Black v. Colaska Inc.*, No. C07-823JLR, 2008 WL 4681567 (W.D. Wash. Oct. 20, 2008).

Plaintiff's actual duties simply cannot be determined at the pleading phase. Accordingly, Defendant's motion will be denied as to Plaintiff's Fair Labor Standards Act claim.

### B.     Statute of Limitations on State Law Claims

Plaintiff's unpaid wages, breach of contract, and breach of good faith and fair dealing claims all address the same conduct — Defendant's failure to pay amounts allegedly owed to Plaintiff. Defendant argues that any claim for wages accruing before September 15, 2010 is barred by the statute of limitations. Defendant's argument may have merit, but on the face of the pleadings alone it is impossible to tell when Plaintiff's various unpaid wages claims accrued. Further, the scope of discovery would not be materially different if these claims were dismissed now. Accordingly, Defendant's motion will be denied as to Plaintiff's unpaid wages, breach of contract, and breach of good faith and fair dealing claims.

## IV. CONCLUSION

Although the Court will deny Defendant's motion, it does so in the face of a compelling reasons to dismiss this case considering Plaintiff's counsel's extreme delays and failure to follow court orders thus far. On the day Plaintiff's response was originally due, counsel filed a motion for a two-day extension of time because of "long-standing travel plans that changed at the last minute, making the undersigned unable to thoroughly respond to [Defendant]'s Motion by tonight's deadline." (Doc. 22.) The Court granted that motion. (Doc. 23.) Two days later — the new due date — at 11:58 p.m., counsel again filed for an extension until the following Monday, based on recently discovered evidence of handwritten notes that Plaintiff while working for Defendant. Counsel did not explain how these notes, which were obviously outside the pleadings, could influence the motion, but asked for further time to fully review these documents, including a "built in . . . cushion . . . to ensure that there is no need for a third extension." (Doc. 24.) The Court granted that motion, extending the response deadline to the following Tuesday (because of a Monday holiday). (Doc. 25.)

On that following Tuesday, counsel filed nothing. The next day, counsel requested "a third and final extension" until the coming Friday. "The reason for this request is because undersigned counsel had planned to Respond . . . over the Holiday weekend, but was unable to due to an unplanned family obligation." (Doc. 28.) The Court first denied that motion (Doc. 29), then reconsidered and granted a five-day extension, until February 29, 2012 (Doc. 30). On February 29 at 11:57 p.m., counsel filed a fourth motion for extension of time (although styled as his third motion), claiming he had suffered a physical injury. (Doc. 31.) The Court granted that motion, extending Plaintiff's deadline "to March 12, 2012, at 5:00 p.m. No further extensions will be granted." (Doc. 32.) March 12 and 5:00 p.m. came and went, with no filing from Plaintiff. Seven hours later — precisely at midnight — counsel filed his response. (Doc. 33.)

- 4 -

In sum, counsel required four extensions of time — one of which was filed after the deadline expired — and when he finally filed his response, it was still late. While counsel may have had valid reasons for certain extensions, that cannot be said of all of them.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings (Doc. 16) is DENIED.

Dated this 5th day of April, 2012.

_____
Neil V. Wake
United States District Judge